STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2020 KA 0987

STATE OF LOUISIANA

VERSUS

CRAIG ANTHONY MARQUEZ

**Judgment Rendered:**   **JUN 0 4 2021**

* * * * * *

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 589074
Honorable Alan A. Zaunbrecher, Judge Presiding

* * * * * *

Warren L. Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Counsel for Appellee
State of Louisiana

Bertha M. Hillman
Covington, Louisiana

Counsel for Defendant/Appellant
Craig Anthony Marquez

* * * * * *

**BEFORE: GUIDRY, McCLENDON, AND LANIER, JJ.**

**GUIDRY, J.**

The defendant, Craig Anthony Marquez, was charged by grand jury indictment with first degree rape of a victim under the age of thirteen, a violation of La. R.S. 14:42(A)(4). He pled not guilty. After a trial by jury, he was found guilty as charged.[1] The trial court denied the defendant's motions for post-verdict judgment of acquittal and for new trial. The trial court sentenced the defendant to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. The defendant now appeals, challenging the constitutionality of his conviction by a non-unanimous jury verdict and the sentence imposed thereafter. For the following reasons, we set aside the conviction and sentence and remand for a new trial.

## CONSTITUTIONALITY OF THE NON-UNANIMOUS JURY VERDICT

In assignment of error number one, the defendant notes that the verdict in this case was less than unanimous. He cites Ramos v. Louisiana, ___ U.S. ___, 140 S.Ct. 1390, 1397, 206 L.Ed.2d 583 (2020), and argues that the trial court erred in accepting the verdict. He further argues, in his second assignment of error, that his sentence is illegal because it is based on a non-unanimous verdict. In its appellee brief, the State agrees that the conviction and sentence should be set aside and that the defendant is entitled to a new trial.

A written jury poll was conducted in this matter, and the polling results were sealed. See La. C.Cr.P. art. 812. The polling slips and the trial transcript show that the jury voted 10-to-2 in reaching a verdict of guilty as charged.

---

[1] Prior to trial, the defendant filed a motion to require a unanimous jury verdict, which was denied by the trial court.

In Ramos, 140 S.Ct. at 1397, the United States Supreme Court overruled Apodaca v. Oregon,[2] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972). The Ramos Court held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The Ramos Court further noted that the ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on direct appeal. Ramos, 140 S.Ct. at 1406. Thus, where the defendant's conviction was not final when Ramos was decided, the holding of Ramos applies. State v. Cohen, 19-00949, p. 2 (La. 1/27/21), ___ So. 3d ___, 2021 WL 266645, at *1 (per curiam) (citing Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)). See also Schriro v. Summerlin, 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme] Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"); State v. Warren, 19-1410, p. 4 (La. App. 1st Cir. 7/24/20), 2020 WL 4250839, at *2.

Accordingly, we find merit in the assignments of error. The conviction and sentence must be vacated, and this case is remanded to the district court.

**CONVICTION AND SENTENCE SET ASIDE; REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

---

[2] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in Apodaca. Johnson v. Louisiana, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with Apodaca, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts in criminal cases.